# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 17CR3096 WQH |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| KEVIN UGURIT FIERRO-MORALES (1), ALEX NAZARIO-RAMIREZ (2), | |
| Defendants. | |

HAYES, Judge:

The following motions remain pending before the Court: 1) motion to dismiss (ECF No. 147) for double jeopardy filed by Defendant Alex Nazario-Ramirez, 2) motion to dismiss (ECF No. 145) for vindictive prosecution filed by Defendant Kevin Urgarit Fierro-Morales, and 3) motion to dismiss (ECF No. 146) for entrapment by estoppel filed by Defendant Kevin Urgarit Fierro-Morales.

## BACKGROUND

On September 29, 2017, the grand jury returned an indictment charging in Count One that Defendant Kevin Ugurit Fierro-Morales and Defendant Alex Nazario-Ramirez knowingly possessed a short-barreled shotgun not registered to them in violation of 26 U.S.C. §§ 5861(d) and 5871 and 18 U.S.C. § 2; and in Count Two that Defendant Kevin Ugurit Fierro-Morales, "an alien who was illegally in the United States," knowingly possessed a short-barreled shotgun in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). (ECF No. 19).

Trial commenced on July 10, 2018 and the case was submitted to the jury on July 12, 2018. Soon after beginning the deliberations, the jury sent out a note asking "Is it a federal offense to have an unregistered firearm in California if it was manufactured outside of CA?" (ECF No. 142 at 13). Before the Court could convene counsel, a second note stated: "One juror is arguing this should not be a federal case. Eleven of us understand whether or not we 'feel' it should be a federal case - it is a federal case. Any suggestions as to how we can get beyond this?" *Id*. at 5. With the agreement of all counsel, the Court instructed the jury that "The Court cannot assist you in your deliberations." *Id.* at 6. Deliberations continued. Within the hour, the jury sent out a note stating that a juror's husband "was involved in a Federal RICO racqueteering (sic) case and she feels prosecution lied about her and her husband. . . . She requests to be excused." *Id*. at 19. Immediately, the jury sent out another note stating,

> She does not agree with the law and does not want to apply it. She doesn't think it should be a Federal case. She feels the prosecution was lying about pretty much everything. Therefore she feels she cannot be impartial and does not want to participate. She is emotionally distraught. Can we bring back the alternate juror?"

*Id*. at 18. Before the Court could convene counsel, the jury sent out a note stating the name of the juror who does not want to participate. *Id*. at 20. The Court sent the jury home for the evening and requested that they return the following morning. The Court discussed the proceedings with counsel after each note and at the end of the day. Counsel for Defendant Fierro-Morales requested that the Court grant a mistrial. Counsel for Defendant Nazario-Ramirez opposed a mistrial.

On July 13, 2018, the jury returned and continued deliberations. After an hour and a half of deliberations, the jury sent out a note stating,

> Based on one juror's personal prior experience with a federal court case, she stated she is unwilling to consider evidence in deciding this case. Do we continue to deliberate when she is not willing to consider evidence? In addition, she does not trust the process not the system and will vote "not guilty" on all charges. She considers all of the instructions to be "bullshit." Please advise how we are to proceed.

*Id*. at 21. The Court convened counsel. Counsel for Defendant Fierro-Morales continued to request that the Court grant a mistrial. Counsel for Defendant Nazario-

Ramirez continued to oppose a mistrial and requested that the Court "talk to the jurors or the juror." (ECF No. 144 at 13).

The Court concluded that bringing one juror out to ask questions under the facts presented would likely have a coercive effect. The Court concluded that the knowledge of the juror's identity as well as the way the juror intended to vote precluded questioning the juror. The Court concluded that the jury's inability to reach a verdict required the granting of the mistrial. The Court declared a mistrial.

**ANALYSIS**

Defendant Alex Nazario-Ramirez moves to dismiss the indictment on the grounds that a second trial will place him in double jeopardy. Defendant Alex Nazario-Ramirez asserts that questioning the "lone juror" could have resulted in deliberating with an alternate juror or with a jury of eleven. (ECF No. 147-1 at 2-3). Plaintiff United States contends that questioning of the juror's motivations was not permitted and that the grant of a mistrial was proper under the facts of this case. Plaintiff United States contends that double jeopardy does not apply when the jury is unable to reach a verdict.

It is long established that "[c]riminal defendants have a right to have the jury first impaneled to try them reach a verdict." *United States v. Bates*, 917 F.2d 388, 392 (9th Cir. 1990) (citing *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)). If a case is dismissed after jeopardy attaches but before the jury reaches a verdict, a defendant may be tried again for the same crime only in two circumstances: (1) if he consents to the dismissal; or (2) if the district court determines that the dismissal was required by "manifest necessity." *Id.* at 392 (citing *Arizona v. Washington*, 434 U.S. 497, 505, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978)). In *United States v. Elliot*, 463 F.3d 858, 864 (9th Cir 2006), the Court of Appeals explained:

> A reviewing court must determine whether such a manifest necessity existed at the time a mistrial was declared by the district court. In so doing, we should consider that "[t]he words 'manifest necessity' ... do not describe a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge." *Thomas*, 878 F.2d at 287 (internal quotations omitted). Rather than a strict standard, the Supreme Court has described a general approach to be taken by trial judges considering a mistrial. "If an error would make reversal on appeal

a certainty, it would not serve 'the ends of public justice' to require that the government proceed with its proof...." *Illinois v. Somerville*, 410 U.S. 458, 464, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).

*See also United States v. Lara-Ramirez*, 519 F.3d 76, 84-85 (1st Cir. 2008) (holding that whether a mistrial is justified depends upon the facts of each case, "guided in this determination by consideration of three interrelated factors: (i) whether alternatives to a mistrial were explored and exhausted; (ii) whether counsel had an opportunity to be heard; and (iii) whether the judge's decision was made after sufficient reflection.").

In this case, the Court was informed by repeated notes that one juror was "emotionally distraught," "unwilling to consider evidence in deciding the case," and "will vote 'not guilty' on all charges." (ECF No. 142). The Court consulted counsel throughout the proceedings. After repeated notes from the jury stating that they were not able to proceed, the Court sent the jury home for the evening and required the jury to return in the morning. After resuming deliberations in the morning, the jury again sent out a note stating clearly that they were not able to proceed to a verdict.

The notes from the jury clearly informed the Court that one of the jurors harbored doubts about the sufficiency of the evidence and would be voting not guilty. The Court was further informed that the rest of the jurors were unable to proceed to a verdict. The Court continued to discuss the notes and any possible course of action with counsel. Defendant Fierro repeatedly requested a mistrial. While Defendant Nazario opposed the mistrial, Defendant Nazario proposed no action other than "talk to the jurors or the juror." (ECF No. 144 at 13).

In *United States v. Symington*, 195 F.3d 1080, 1085 (9th Cir. 1999), the Court of Appeals explained:

> A trial judge faces special challenges when attempting to determine whether a problem between or among deliberating jurors stems from disagreement on the merits of the case. "[A] court may not delve deeply into a juror's motivations because it may not intrude on the secrecy of the jury's deliberations." *Brown*, 823 F.2d at 596; *see Thomas*, 116 F.3d at 619. There are important reasons why a trial judge must not compromise the secrecy of jury deliberations. First, if trial judges were permitted to inquire into the reasoning behind jurors' views of pending cases, "it would invite trial judges to second-guess and influence the work of the jury." *Thomas*, 116 F.3d at 620. Second, a trial judge's examination of juror

- 4 -

17cr3096WQH

deliberations risks exposing those deliberations to public scrutiny. Such exposure, in turn, would jeopardize the integrity of the deliberative process. . . .

In refraining from exposing the content of jury deliberations, however, a trial judge may not be able to determine conclusively whether or not a juror's alleged inability or unwillingness to deliberate is simply a reflection of the juror's opinion on the merits of the case, an opinion that may be at odds with those of her fellow jurors. Thus, in the rare case where a request for juror dismissal focuses on the quality of the juror's thoughts about the case and her ability to communicate those thoughts to the rest of the jury, "the court will likely prove unable to establish conclusively the reasons underlying" the request for dismissal. *Brown*, 823 F.2d at 596. In such cases a trial court lacks the investigative power that, in the typical case, puts it in the "best position to evaluate the jury's ability to deliberate." *Beard*, 161 F.3d at 1194.

In this case, the Court had been informed of the thoughts of a specific juror and the juror's views of the evidence. The Court concluded that any attempt to question the identified juror would result in a coercive effect on the identified juror and possibly on other jurors. Further inquiry into the jury deliberations were not possible without intruding upon the secrecy of the jury deliberations. The identified juror could not be excused or replaced. *See Symington*, 195 F.3d at 1085 ("A court may not dismiss a juror during deliberations if the request for discharge stems from doubts the juror harbors about the sufficiency of the evidence.").

After significant reflection and consultation with counsel, the Court concluded that all alternatives to a mistrial had been explored and exhausted. The jury deliberated for more than four hours and sent out more than seven notes clearly indicating that they were not able to reach a verdict. Defendant Fierro-Morales moved multiple times for a mistrial.[1] The Court was faced with no legally sound alternative and concluded that the jury had been incurably compromised in its ability to reach a verdict. The declaration of mistrial was a last resort and required by "manifest necessity." *Arizona v. Washington*, 434 U.S. 497, 505 (1978). "[J]eopardy does not terminate when the jury is discharged because it is unable to agree." *Richardson v. United States*, 468 U.S. 317, 326 (1984).

---

[1] Defendant Fierro-Morales consented to the mistrial.

Defendant Alex Nazario-Ramirez's motion to dismiss (ECF No. 147) for double jeopardy is denied.

The Court further concludes that the resolution of legal issues related to Count Two of the Indictment not charged against Defendant Nazario requires severance at this stage in the proceedings. Defendant Nazario is in custody and the trial will commence on September 18, 2018. The pending motions related to the charging decisions on Count Two require the severance of Count Two in order to fully examine and resolve these matters. In addition, the Court is required to reevaluate the Order (ECF No. 99) filed on June 26, 2018 and issue an amended order in light of the factual error discovered by the Court.

Defendant Fierro-Morales's motion to dismiss (ECF No. 145) for vindictive prosecution and motion to dismiss (ECF No. 146) for entrapment by estoppel remain pending.

IT IS HEREBY ORDERED that Defendant Alex Nazario-Ramirez's motion to dismiss (ECF No. 147) for double jeopardy is denied.

IT IS FURTHER ORDERED that Count Two is severed and the trial scheduled for September 18, 2018 will proceed on Count One as to both Defendants.

DATED: September 7, 2018

**WILLIAM Q. HAYES**
United States District Judge